AO 245B      (Rev. 09/11) Judgment in a Criminal Case
v1             Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>CHRISTOPHER P. GUNN | **JUDGMENT IN A CRIMINAL CASE**<br>(WO)<br><br>Case Number:  2:12cr151-MEF-01<br><br>USM Number: 13950-002<br><br>Donnie Wayne Bethel<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)      1- 18 of the Indictment on 8/23/12

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§875(d) | Interstate Extortion | 3/31/2011 | 1,3,5-6,8,<br>10,11,13,<br>15,17,18 |
| 18§2261A(2)(A) | Stalking | 3/31/2011 | 2,4,7,9,12<br>14,16 |

☐ See additional count(s) on page 2

    The defendant is sentenced as provided in pages  2  through  6   of this judgment. The sentence is imposed pursuant to the
Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                      ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/22/2013
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Mark E. Fuller, United States District Judge
Name of Judge                                    Title of Judge

29 January 2013
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
v1         Sheet 2 — Imprisonment

DEFENDANT: CHRISTOPHER P. GUNN
CASE NUMBER: 2:12cr151-MEF-01

Judgment Page: 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

Sixty (60) months.  This term consists of 24 months on each of counts 1,3,5,6,8,10,11,13,15,17 and 18, to run concurrently
with each other (and with the 360 months and 24 months concurrent term imposed in Cr No. 2:12cr64-MEF), and 60 months
on each  of counts 2,4,7,9,12,14 and 16 to run concurrently with each other and consecutively to all other terms imposed in
this case and  in 2:12cr64-MEF-01, for a total term of 420 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to a facility where he can receive mental, psychological, and
emotional treatment, as well as treatment for sexual addiction.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before          on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
v1         Sheet 3 — Supervised Release

DEFENDANT:  CHRISTOPHER P. GUNN
CASE NUMBER:  2:12cr151-MEF-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three Year; This term consists of one year on each of counts 1,3,5,6,8,10,11,13,15,17 and 18 and three years on each of counts 2,4,7,9,12,14 and 16, all such terms to run concurrently with each other and with the terms of supervised release imposed in Cr No. 2:12cr64-MEF

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
v1           Sheet 3C — Supervised Release

DEFENDANT: CHRISTOPHER P. GUNN                          Judgment Page: 4 of 6
CASE NUMBER: 2:12cr151-MEF-01

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall have no direct or indirect contact with the victims.  Defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.  Outside of the restrictions imposed by the Court, the defendant shall report any contact with any minor child as directed by the probation officer.

Defendant shall participate in a mental health and/or sex offender treatment program as directed by the probation officer.  He shall comply with all recommended treatment which may include psychological and physiological testing, i.e., a polygraph, a plethysmograph, and/or an ABEL assessment. He shall maintain use of all prescribed medications.

Defendant shall have all residences and employment pre-approved by the probation officer five days prior to any such change.

Defendant shall not possess or use any form of pornography or erotica nor enter any location where pornography or erotica can be accessed, obtained, or viewed, including electronically accessed materials.

Defendant shall not possess any sexually stimulating or oriented material deemed inappropriate by the probation officer, or patronize any place where such material or entertainment is available.

Defendant shall not reside in or visit any residence where minor children also reside without the approval of the probation officer.

Defendant shall not view, purchase or possess any images depicting minors engaged in sexual activity or actors representing themselves to be under the age of 18.

Defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

Defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer (in the lawful discharge of the officer's supervision functions) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.  Failure to submit to such a search may be grounds for revocation.  Defendant shall warn any other residents or occupants that their premises or vehicle may be subject to search pursuant to this condition.

Defendant shall submit to unannounced examination of his computer equipment by the probation officer, which may include retrieval and copying of all data from the computer to ensure compliance with this condition.  In addition, defendant shall consent to the removal of such equipment for the purpose of conducting a more thorough investigation and shall allow, at the discretion of the probation officer, installation on his computer any hardware or software system to monitor defendant's computer use.

As required, defendant shall register with the state sex offender registration agency where he will reside, will be employed, will carry on a vocation, or will be a student.  Following initial registration, defendant shall re-register as required by such state agency and should defendant move he shall notify such state agency of any change in address.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
v1         Sheet 5 — Criminal Monetary Penalties

DEFENDANT: CHRISTOPHER P. GUNN                                          Judgment Page: 5 of 6
CASE NUMBER: 2:12cr151-MEF-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 1,800.00 | $ 0.00 | $ $0.00 |

☑ The determination of restitution is deferred until ~~further order of the Court~~ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
v1                Sheet 6 — Schedule of Payments

Judgment Page: 6 of 6

DEFENDANT:  CHRISTOPHER P. GUNN
CASE NUMBER:  2:12cr151-MEF-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ ___1,800.00___      due immediately, balance due

      ☐  not later than _____ , or
      ☑  in accordance      ☐ C,   ☐ D,   ☐   E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with      ☐ C,      ☐ D, or      ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

      All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post
      Office Box 711, Montgomery, Alabama 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All crimnal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number),* Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.